IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER T. BROADDUS, # S-10771, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01339-MJR |
| | ) |
| WEXFORD HEALTH SOURCES,INC. | ) |
| HAYMES, DR. LOUIS SCHICKER, | ) |
| BECKY SUDBRINK, SUSAN KERR, | ) |
| DEEDEE BROOKHART, | ) |
| and ELI GOODMAN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Roger Broaddus, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this action pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff claims that he received inadequate medical care for an inguinal hernia at Robinson Correctional Center ("Robinson"). He requests monetary damages against seven defendants, as well as additional post-operative medical care. (Doc. 1 at 7-8).

Plaintiff filed the action in the United States District Court for the Central District of Illinois on September 28, 2015. *See Broaddus v. Wexford Health Sources, Inc.,* Case No. 15-cv-03283-CSB (C.D. Ill. 2015) (Doc. 1). At the time, he was incarcerated at Jacksonville Correctional Center ("Jacksonville"). Following a merit review hearing on December 4, 2015, the Court determined that venue in the Central District was improper because the events giving rise to Plaintiff's claims occurred at Robinson, which is located in the federal judicial district for the Southern District of Illinois. The Court therefore entered an Order transferring the case to this District on December 8, 2015. (Doc. 13).

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

**The Complaint**

According to the complaint, Plaintiff has been incarcerated in Illinois since 2010. (Doc. 1 at 5). When he was initially detained at Montgomery County Jail, Plaintiff informed jail officials about several pre-existing health conditions, including an inguinal hernia, atrial flutter, heart disease, and prosthetic right eye. The complaint focuses entirely on the denial of treatment for his hernia.

Plaintiff alleges that his hernia became strangulated and remained that way for nearly two years. As a result, he suffered "much pain." (*Id.*). He complained to officials at "various prisons." (*Id.*). However, Plaintiff was consistently denied medical care and pain medication for the condition. Even in response to a letter that Plaintiff's daughter wrote on his behalf, prison officials took no action.

After transferring to Robinson, Plaintiff continued to complain about his hernia and the associated pain. (*Id.* at 6). He was transferred to the health care unit, where he submitted written and verbal requests for treatment to Susan Kerr, Robinson's health care administrator. When the

pain became "unbearable," Plaintiff requested a meeting with Kerr. At the meeting, she informed Plaintiff that he would not receive surgery for the condition.

A year later, Plaintiff's condition deteriorated, and he was rushed to Crawford Memorial Hospital, where he underwent surgery for the condition six days later. Following surgery, Plaintiff transferred to Jacksonville. There, he continued to suffer pain in his abdomen near the incision site, as well as bowel and urinary "abnormalities." (*Id*.). He maintains that additional medical care is necessary to treat these lingering problems.

Plaintiff now claims that the following non-parties failed to provide him with adequate medical care for his hernia: Shepard (doctor), Larson (doctor), Isac (health care administrator), and Winsor (assistant warden). (*Id*. at 5). In addition, he names the following defendants in connection with this claim: Wexford Health Sources, Inc. (Wexford), Louis Schicker (Illinois Department of Corrections' ("IDOC") medical director), DeeDee Brookhart (Robinson's assistant warden of programs), Becky Sudbrink (Jacksonville's health care administrator), Susan Kerr (Robinson's health care administrator), Dr. Haymes (physician), and Dr. Goodman (physician). Plaintiff seeks $100,000.00 in monetary damages from each defendant, as well as additional medical care.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into a single count:

> **Count 1:    Defendants responded to Plaintiff's serious medical need (*i.e.*, his inguinal hernia and associated pain) with deliberate indifference, in violation of the Eighth Amendment.**

Count 1 shall receive further review against Defendants Kerr and Wexford. However, this claim shall be dismissed without prejudice against all other individuals named in connection with the claim, including Defendants Schicker, Sudbrink, Brookhart, Haymes, and Goodman.

The Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *See Perez v. Fenoglio*, 792 F.3d at 768, 776 (7th Cir. 2015) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment claim in this context, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

A serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). For screening purposes, Plaintiff's inguinal hernia satisfies the objective component of this claim. *See King v. Kramer*, 680 F.3d 1013 (7th Cir. 2012) (hernia is considered a serious medical condition); *Gonzalez v. Feinerman*, 663 F.3d 311 (7th Cir. 2011) (unincarcerated hernia may be considered serious medical condition). But the Court's analysis of this claim does not end here.

Plaintiff must also demonstrate that the defendants responded to his serious medical condition with deliberate indifference, in order to satisfy the subjective component of the claim. Deliberate indifference occurs when a defendant realizes that a substantial risk of harm to a prisoner exists, but disregards the known risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The deliberate indifference standard "reflects a mental state somewhere between the culpability

poles of negligence and purpose, and is thus properly equated with reckless disregard." *Perez*, 792 F.3d at 777.  The Court will consider whether this standard is satisfied, as it relates to each defendant.

### Health Administrator Kerr

According to the complaint, Plaintiff repeatedly notified Defendant Kerr that his strangulated hernia and associated pain required treatment.  He submitted requests for medical treatment in writing and verbally to this defendant.  He even met with her to request treatment in person.  Even so, she explicitly denied Plaintiff's requests, thereby delaying a referral to an outside surgeon and timely treatment of the condition.  *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (plaintiff stated plausible deliberate indifference claim against health administrator who "stalled in authorizing a referral to an outside surgeon").  Count 1 shall proceed against Defendant Kerr.

### Wexford Health Sources, Inc.

Likewise, the complaint suggests that the deliberate indifference standard is satisfied against Wexford, a private corporation that contracts with the IDOC to provide medical services to prisoners in Illinois.  A private corporation that contracts to provide essential government services cannot be liable under § 1983, unless the constitutional violation "was caused by an unconstitutional policy or custom of the corporation itself."  *Shields v. Illinois Dep't of Corr.*, 746 F.3d 789 (7th Cir. 2014).  This is because the doctrine of *respondeat superior* (supervisory liability) is not recognized under § 1983.  *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

According to the complaint, Wexford had a policy of elevating concerns of cost over the quality of care it provided to prisoners.  (Doc. 1 at 7).  The pleading suggests that Plaintiff's

medical providers acted pursuant to this policy when denying his requests for treatment. Because this policy could foreseeably delay proper medical care and result in a constitutional deprivation, the claim against Wexford warrants further review. *See Perez*, 792 F.3d at 781-82 (reversing dismissal of claim against Wexford where its policy of having no full-time doctor stationed at prison delayed proper medical care of prisoner). Count 1 shall also proceed against Wexford.

### Medical Director Schicker

However, the complaint includes insufficient allegations to support a claim against Defendant Schicker, who is the IDOC medical director. (Doc. 1 at 2). The complaint alleges that this defendant "ha[d] the responsibility of ensuring that health care is provided by Wexford." (*Id*. at 7). While that may be true, Plaintiff says nothing about this defendant's knowledge of his condition and the need for treatment. He did not file copies of any written requests for treatment or grievances directed to this defendant. Under the circumstances, the complaint does not suggest that Defendant Schicker knowingly disregarded a substantial risk of harm to Plaintiff. Count 1 shall therefore be dismissed without prejudice against Defendant Schicker.

### Defendants Sudbrink, Brookhart, Haymes, and Goodwin

Count 1 cannot proceed against Defendants Sudbrink, Brookhart, Haymes, and Goodwin. The case caption lists all four of these defendants. However, the statement of claim mentions none of them. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). This is because the Court is unable to ascertain what basis for relief Plaintiff has against each defendant.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required

to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

Accordingly, Count 1 shall be dismissed without prejudice against Defendants Sudbrink, Brookhart, Haymes, and Goodwin.

### Non-Parties

Count 1 is also considered dismissed without prejudice against the remaining individuals who are named in the statement of claim, including Shepard (doctor), Larson (doctor), Isac (health care administrator), and Winsor (assistant warden). Plaintiff did not name any of these individuals as defendants in the case caption or the list of defendants. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them are considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif]ied] in the caption").

### Request for Interim Relief

In the complaint, Plaintiff indicates that he is in need of post-operative care. He did not specifically request a preliminary injunction or temporary restraining order pursuant to Rule 65

of the Federal Rules of Civil Procedure. He also did not file a separate motion seeking interim relief.

If Plaintiff seeks any sort of emergency relief that relates to the claims proceeding in this action, he must separately file a motion for a temporary restraining order and/or preliminary injunction pursuant to Rule 65. *See* FED. R. CIV. P. 65(a)-(b). However, Plaintiff is warned that relief may be unavailable to him in this action. All of his claims pertain to the denial of medical care at Robinson; he is no longer incarcerated there. When a prisoner is transferred to another prison, his request for injunctive relief against officials at the first prison is generally moot, unless "he can demonstrate that he is likely to be retransferred" back to the prison. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citation omitted); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

In other words, if Plaintiff believes that he is not receiving adequate medical care at the facility where he is currently housed, he must file a new lawsuit naming as defendants the individuals at that facility who are responsible for providing him with care. Plaintiff may then file a Rule 65 motion for a temporary restraining order and/or preliminary injunction in that action, if he believes that the requirements for obtaining such relief have been met.

## Disposition

**IT IS HEREBY ORDERED** that Defendants **SCHICKER, SUDBRINK, BROOKHART, HAYMES** and **GOODWIN** are **DISMISSED** without prejudice from this action because the complaint fails to state any claim against them upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **KERR** and **WEXFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive

Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.  Further, this entire matter shall be

**REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2016**

                                                          **s/ MICHAEL J. REAGAN**
                                                          **United States Chief District Judge**